```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

WH HOLDINGS, LLC                              CIVIL ACTION

VERSUS                                        NO: 07-7110

ACE AMERICAN INSURANCE CO.                    SECTION: "A" (5)

### ORDER AND REASONS

Before the Court is a **Motion to Strike Expert Testimony (Rec. Doc. 172)** filed by defendant ACE American Insurance Co. The Court scheduled the motion for expedited consideration at ACE's request (Rec. Doc. 174). Plaintiffs, WH Holdings, LLC, AXIS (US) Insurance Co., Lloyd's of London, Swiss Re International SE, and XL (Bermuda) Ltd., timely filed their opposition (Rec. Doc. 175).

ACE moves the Court to strike as witnesses several "experts" that ACE contends were designated in direct violation of the CMO that the Court approved on August 21, 2012 (Rec. Docs. 166 & 168). The pertinent section of the CMO reads as follows:

> Written reports of Plaintiff's experts, *as defined by the Fed. R. Civ. P. 26(a)(2)(B),* fully setting forth all matters about which they will testify and the basis thereof, shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than September 10, 2012.

Rec. Doc. 166 (emphasis added). ACE contends that Exhibit D to its motion is a list of experts that ACE received on September

1

18, 2012, and that no reports were ever produced for these witnesses.

In response, Plaintiffs argue that the witnesses listed on Exhibit D are not experts contemplated by Rule 26(a)(2)(B) and therefore are not governed by the September 10th deadline. According to Plaintiffs, the witnesses listed on Exhibit D, to the extent that they are experts at all, are governed by Rule 26(a)(2)(C).

The motion to strike is DENIED.  The witnesses listed on Exhibit D appear to be for the most part fact witnesses, and ACE recognizes them as such.  (ACE Oppo. at 8, Rec. Doc. 172-2). Rule 26(a)(2)(B), upon which ACE relies, expressly applies to experts who are "retained or specially employed to provide expert testimony in the case."  None of the witnesses listed on Exhibit D, even those that are arguably "experts," appear to fit into this category.

In its memorandum in support, ACE argues that the Court's scheduling order overrides the default provisions of Rules 26(a)(2)(B) and (C) such that the report requirement and the more onerous production deadline of September 10th, which clearly apply to Rule (a)(2)(B) experts, now apply to all experts in the case, including those otherwise covered by Rule 26(a)(2)(C).

The Court does not find ACE's argument as to Rule

26(a)(2)(C) experts to be persuasive. The emphasized language in the quoted passage above applies the more onerous September 10th expert deadline to experts *as defined by Rule 26(a)(2)(B)*, which refers to retained experts. The quoted passage does not suggest that all experts in the case are going to be treated as Rule 26(a)(2)(B) experts.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Strike Expert Testimony (Rec. Doc. 172)** filed by defendant ACE American Insurance Co. is **DENIED**.

October 2, 2012

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

3