```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

WH HOLDINGS, LLC, ET AL.                      CIVIL ACTION

VERSUS                                        NO: 07-7110

ACE AMERICAN INSURANCE CO.                    SECTION: "A" (5)

**ORDER AND REASONS**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 204)** filed by defendant ACE American Insurance Co. Plaintiffs WH Holdings, LLC, AXIS US Insurance Co., XL(Bermuda) Ltd., Lloyds of London, and Swiss Re International SE (collectively "Plaintiffs") oppose the motion. The motion, noticed for submission on February 13, 2013, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is DENIED.

**I.   BACKGROUND**

This suit was originally filed in state court by WH Holdings, LLC against ACE American Insurance Co. to recover for damage sustained at the Ritz-Carlton New Orleans as a result of Hurricane Katrina. ACE had issued a builder's risk policy to

---

[1] The parties have other dispositive motions scheduled for submission on the same date: Cross motions as to coverage (Rec. Docs. 190, 200), and Plaintiffs' motion for summary judgment on damages (Rec. Doc. 201). But the instant motion for summary judgment presents the threshold issue of whether Plaintiffs have a right of action or standing to pursue claims against Defendant. Therefore, the Court takes up this motion first.

1

Gootee Construction Co., which had been doing renovation work at the Ritz when Katrina hit. ACE removed the suit to this Court on October 19, 2007. ACE has always maintained that WH Holdings was not an insured under its policy. In the summer of 2010, the parties filed cross motions on the insured status issue, and on September 24, 2010, the Court granted ACE's motion for summary judgment, concluding that WH Holdings was not an insured. (Rec. Doc. 149). Plaintiffs appealed, and the Fifth Circuit vacated the ruling and remanded the case with instructions to the Court to consider certain extrinsic evidence. WH Holdings, LLC v. ACE American Ins. Co., 481 Fed. Appx. 894 (5th Cir. 2012). Discovery is now complete and the case is scheduled for trial on May 23, 2013. (Rec. Doc. 187). The re-urged cross motions for summary judgment on coverage will not be addressed, however, as part of this Order and Reasons. See note 1, supra.

Prior to this Court's dismissal of Plaintiffs' complaint on September 24, 2010, WH Holdings, which had been the sole plaintiff in the case, amended its complaint to bring the Excess Insurers in as plaintiffs. (Rec. Doc. 98). The Excess Insurers[2] allege that they have obtained all of WH Holdings' rights in this

---

[2] The Excess Insurers are plaintiffs AXIS US Insurance Co., XL(Bermuda) Ltd., Lloyds of London, and Swiss Re International SE.

2

lawsuit via a Sale of Litigation Agreement ("the Agreement"). (Rec. Doc. 98; Amended Comp. ¶ 19 & Exh. A).  Via the Agreement, it is the Excess Insurers who now ostensibly have standing to assert whatever rights WH Holdings might have had as an insured against ACE for damage to the Ritz-Carlton.

ACE has filed the instant motion for summary judgment challenging the Excess Insurers' standing to prosecute this case against ACE.  ACE contends that the Agreement did not effect the sale of a litigious right under Louisiana law, and therefore WH Holdings did not convey a right of action to the Excess Insurers. ACE argues that the Excess Insurers' payments to WH Holdings were nothing more than payments by first-party property insurers for covered damages to insured property.  ACE maintains that absent a valid sale of a litigious right, the Excess Insurers have no legal basis to pursue ACE for damages to the Ritz-Carlton.

Plaintiffs, on the other hand, maintain that the Agreement effected a valid assignment of WH Holdings' claim against ACE in this lawsuit to the Excess Insurers, and that the Excess Insurers paid $2,775,091.00 for that assignment.  The Excess Insurers deny that the $2,775,091.00 payment was made in satisfaction of their own coverage obligation because, according to the Excess Insurers, it was ACE's policy that provided primary coverage.

**II.  DISCUSSION**

Under Louisiana law "[a]ll rights may be assigned, with the exception of those pertaining to obligations that are strictly personal," or otherwise prohibited by law.  La. Civ. Code art. 2642 & cmt. (c).  Litigious rights in a pending law suit are real rights that are not strictly personal, and are therefore heritable and freely assignable.  <u>Woodfield v. Bowman</u>, 193 F.3d 354, 359 (5th Cir. 1999) (<u>citing</u> La. Civ. Code art. 2652).  In Louisiana, the sale of a litigious right is specifically acknowledged in Civil Code article 2652.[3]  But litigious rights

---

[3]

> When a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment.
>
> A right is litigious, for that purpose, when it is contested in a suit already filed.
>
> Nevertheless, the debtor may not thus extinguish his obligation when the assignment has been made to a co-owner of the assigned right, or to a possessor of the thing subject to the litigious right.

La. Civ. Code art. 2652.  Civil Code article 2652 addresses the debtor's ability to extinguish his obligation for the price that the assignee paid for the debt.  The article's object in allowing the debtor to redeem the debt in this manner is to prevent unnecessary litigation and to deter speculators in lawsuits.  <u>Smith v. Cook</u>, 180 So. 469, 470 (La. 1937) (<u>quoting</u> <u>Leftwich v. Brown</u>, 4 La. Ann. 104 La. 1849)).  When the debtor continues to contest the matter, and therefore protracts the litigation following the assignment, he cannot avail himself of article 2652 redemption because he defeats the very object of the article, which again is

4

cannot be donated on a purely gratuitous basis.  <u>Indep. Ice & Distilled-Water Mfg. Co. v. Anderson</u>, 30 So. 272, 273 (La. 1901).  The assignment must be supported by some consideration.  <u>Id.</u>

The Court has carefully considered ACE's arguments in support of summary judgment but none of them persuade the Court that ACE is entitled to the relief requested.  ACE contends *inter alia* that the transfer could not have been a valid "sale" because the Excess Insurers were merely satisfying their own coverage obligations to WH Holdings and therefore paid no consideration for the transfer.

This argument has no merit for two reasons.  First, even though it is undisputed that the Excess Insurers provided coverage for the damage to the Ritz, there has never been a judicial determination that the Excess Insurers provided *primary*

---

to put an end to the litigation.  <u>Id.</u>; <u>Lerner Shops of La., Inc. v. Reeves</u>, 73 So. 2d 490, 498 (La. App. 1st Cir. 1954).  The right of redemption must be exercised promptly because a person entitled to invoke litigious redemption may not fight the case on its merits until it is apparent that the case is lost and then exercise redemption at the last moment.  <u>Conrad v. Swiss Chalet Picnic Grounds & Catering Serv.</u>, 686 So. 2d 1055, 1059 (La. App. 5th Cir. 1996) (<u>quoting</u> <u>Martin Energy Co. v. Bourne</u>, 598 So. 2d 1160 (La. App. 1st Cir. 1992)).  Because the foregoing is undisputedly the law in Louisiana, the Court is rather perplexed by
ACE's suggestion, found at page 16 of its memorandum in support (Rec. Doc. 199-1), that the Excess Insurers' recovery in this lawsuit would be limited to what they paid WH Holdings for the litigious right.  But that issue is not before the Court as part of this motion for summary judgment.

coverage for the damage to the Ritz.  The question of whether the Excess Insurers' policy or ACE's policy was primary is disputed in this litigation and it was disputed when the Agreement was executed.  ACE's argument that the Excess Insurers were merely satisfying their own coverage obligations is based on ACE's assumption that it will prevail on the ranking issue.

Second, the Agreement cannot fairly be characterized as a gratuitous donation.  The Excess Insures paid WH Holdings $2,775,091.00 in consideration for two things--a release of all liability and a transfer of litigious rights.  Again, even though coverage existed liability of the Excess Insurers was not a given because of the ranking issue.  Louisiana law does not require that the consideration paid to the assignor be solely for the litigious right,[4] and the Court can find no support for ACE's contention that the transfer cannot be part of a compromise agreement.  To the contrary, the Fifth Circuit's decision in Woodfield v. Bowman, 193 F.3d 354, 359-60 (5th Cir. 1999), provides express recognition for the validity of an assignment of rights as part of a compromise agreement.  Morever, Woodfield

---

[4] The question of whether the consideration paid was solely for the litigious right at issue may be relevant under article 2452 redemption when the debtor attempts to immediately terminate the litigation for what the assignee paid for the right.  But redemption is not at issue in this case.  See note 3, supra.

involved an insurer that obtained its insured's rights against another insurer as part of a settlement. That is the very situation that has occurred in this case.

Woodfield also dispels ACE's contention that WH Holdings' claim was extinguished when it compromised its claim with the Excess Insurers, thereby leaving WH Holdings with no litigious rights to transfer. ACE's position as to extinguishment basically seeks to write the ability to transfer litigious rights as part of a compromise out of the Civil Code. But again, the Court can find no support for the contention that litigious rights cannot be transferred as part of a compromise.

ACE argues that Woodfield is not applicable to this case because Woodfield involved conventional subrogation and the parties' contract in this case expressly precluded subrogation. To the contrary, Woodfield specifically involved a sale of litigious rights as part of a settlement agreement. The panel did also characterize what occurred as conventional subrogation because in reality every assignment of rights is a type of conventional subrogation. See La. Civ. Code art. 2642 ("The assignee is subrogated to the rights of the assignor against the debtor.").

ACE suggests that Plaintiffs are contractually precluded from subrogation and for this proposition ACE cites to § 11.4.7

7

of the General Conditions of the construction contract between WH Holdings and Gootee Construction Co.[5] (Rec. Doc. 224, ACE reply at 4 n.9). The waiver of subrogation language found in § 11.4.7 of the General Conditions is not a paragon of clarity. But while it clearly evinces the parties' intent to waive legal subrogation vis à vis each other and the architect, it does nothing to preclude WH Holdings from contractually assigning its own contractual rights, if any, against an insurer like ACE.

ACE emphasizes repeatedly throughout its memorandum that the Agreement is nothing more than the Excess Insurers' attempt to foist their own coverage obligations upon ACE. This line of argument is not persuasive because Plaintiffs can only prevail in this litigation if they prove that they satisfied what would have been ACE's coverage obligations to WH Holdings, not their own. ACE will not be called upon to pay anything if in fact the Excess Insurers' coverage was primary, or if WH Holdings was not an insured under ACE's policy. But until those determinations are made in ACE's favor in this case, the Excess Insurers are entitled to prosecute their case.

---

[5] In the underlined heading on page 17 of its memorandum in support ACE alludes to a waiver of subrogation in the Excess Insurers' policy. But ACE did not address that contention in its memorandum in support or reply memorandum and no specific sections of the Excess Insurers' policy are mentioned.

In sum, the Court is persuaded that the Agreement effected a valid sale of litigious rights between WH Holdings and the Excess Insurers. In Louisiana, the sale of litigious rights is not verboten and those rights are freely assignable with certain exceptions not applicable here. See La. Civ. Code art. 2447; Indep. Ice & Distilled-Water, 30 So. at 273. ACE's motion for summary judgment is therefore DENIED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 204)** filed by defendant ACE American Insurance Co. is **DENIED.**

March 11, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE