UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WH HOLDINGS, LLC, ET AL.                    CIVIL ACTION

VERSUS                                      NO: 07-7110

ACE AMERICAN INSURANCE CO.                  SECTION: "A" (5)

**ORDER AND REASONS**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 201)** filed by Plaintiffs, WH Holdings, LLC, AXIS US Insurance Co., XL(Bermuda) Ltd., Lloyds of London, and Swiss Re International SE (collectively "Plaintiffs").  Defendant ACE American Insurance Co. opposes the motion.  The motion, noticed for submission on February 13, 2013, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is DENIED.

I.   **BACKGROUND**

This suit was originally filed in state court by WH Holdings, LLC against ACE American Insurance Co. to recover for damage sustained at the Ritz-Carlton New Orleans as a result of Hurricane Katrina.  ACE had issued a builder's risk policy to Gootee Construction Co., which had been doing renovation work at the Ritz when Katrina hit.  ACE removed the suit to this Court on October 19, 2007.  ACE has always maintained that WH Holdings was not an insured under its policy.  In the summer of 2010, the

1

parties filed cross motions on the insured status issue, and on September 24, 2010, the Court granted ACE's motion for summary judgment, concluding that WH Holdings was not an insured. (Rec. Doc. 149). Plaintiffs appealed, and the Fifth Circuit vacated the ruling and remanded the case with instructions to the Court to consider certain extrinsic evidence. <u>WH Holdings, LLC v. ACE American Ins. Co.</u>, 481 Fed. Appx. 894 (5th Cir. 2012). Discovery is now complete and the case is scheduled for trial on May 23, 2013. (Rec. Doc. 187). The re-urged cross motions for summary judgment on coverage will not be addressed, however, as part of this Order and Reasons.

Via the instant Motion for Summary Judgment Plaintiffs seek an order declaring as a matter of law that Hurricane Katrina caused damage totaling $3,264,812.54 to the Ritz-Carlton. Plaintiffs contend that representatives of Gootee Construction Co. and Pascal Architects conducted detailed and lengthy assessments of the damage to the Ritz and they concluded that the damages due to Katrina were $3,264,812.54. Plaintiffs contend that ACE's adjuster made only a perfunctory evaluation of the damages and therefore ACE cannot prove that the quantum of damages totaled anything other than $3,264,812.54.

## II.  <u>DISCUSSION</u>

Summary judgment is appropriate only if "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Plaintiffs are not entitled to judgment as a matter of law on the damages issue.  In order to grant Plaintiffs the relief

that they seek the Court would be called upon to weigh the evidence, and determine that Plaintiffs' witnesses are more credible and trustworthy than ACE's--the necessity of which renders summary judgment inappropriate.  Moreover, it is readily apparent from even a cursory review of ACE's opposition that material issues of fact preclude summary judgment on the damages issue.

In sum, if Plaintiffs prevail on the coverage and rankings issues, which are the subject of the parties' separately filed cross motions for summary judgment, then the issue of damages will be resolved via a trial on the merits.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 201)** filed by Plaintiffs, WH Holdings, LLC, AXIS US Insurance Co., XL(Bermuda) Ltd., Lloyds of London, and Swiss Re International SE is **DENIED**.

March 13, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE